UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2012 DEC 20 PM 3:34

CLERK C Adams
SO. DIST. OF GA.

| | |
|---|---|
| James E. King, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) CASE NUMBER: | **CV 112-193** |
| ) | |
| John M. McHugh, Secretary, ) | |
| Department of the Army, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

1. Plaintiff, James E. King, a Federal Civil Service employee, employed at Fort Gordon Georgia, resides at 2049 Glenn Falls, Grovetown, Columbia County, Georgia.

2. Defendant John M. McHugh, is the Secretary of the Army, and has offices at 101 Army Pentagon, Washington, DC 20310-0101.

3. The Federal Agency, Department of the Army, is the responsible agency involved in this matter.

4. This is an action involving subject matter jurisdiction of employment discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 (Title VII) as amended, 42 U. S. C, sec 2000e et seq., and violation of Health Insurance Portability and Accountability Act of 1996 (HIPPA), 42 U.S.C. § 1320d-9 (2010).

5. Plaintiff exhausted his administrative remedies as the Agency's final decision was reviewed and affirmed by the U.S. Equal Employment Opportunity Commission on September 27, 2012.

6. Jurisdiction and Venue are proper, 28 USC 1391.

7. Plaintiff, who is black, previously filed an EEOC claim against his supervisor, a white Federal employee, and testified on behalf of another minority employee in an employment discrimination matter concerning the same employment supervisor as in the instant case.

8. Plaintiff was injured July 22, 2010 at Fort Gordon, Georgia in the performance of his duties as a civil service security officer apprehending a suspect.

9. Plaintiff received medical treatment for his injuries and applied for Continuation of Regular Pay which was scheduled to end September 5, 2010.

10. Plaintiff returned to work on July 23, 2010, however, a subsequent medical evaluation placed him in an out of work status from August 17, 2010 until a specialist could evaluate Plaintiff's injuries.

11. Plaintiff remained out of work and returned to work on September 10, 2010.

12. Plaintiff in person, by email, and phone messages discussed with his supervisor whether to handle September 1, 2, and 6, 2010 as sick days or traumatic leave.

13. Plaintiff's supervisor on September 12, 2010 declared Plaintiff Absent Without Leave (AWOL) for September 1, 2, and 6, 2010.

14. Plaintiff was charged 37 and one half hours and lost $850.00 pay for the three days documented AWOL by his supervisor.

### COUNT ONE: RACIAL DISCRIMINATION AND REPRISAL

15. Plaintiff re-alleges paragraphs 1-14 of his complaint and incorporates by reference into this Count One.

16. Plaintiff's supervisor, acting in his official capacity and supported by his superior supervisor, retaliated against plaintiff by lowering the evaluation of Plaintiff because of Plaintiff's prior EEO complaint against his supervisor and for Plaintiff's testimony against his supervisor in another discrimination case involving another employee.

17. Plaintiff's supervisor, who is white, improperly discriminated on the basis of race, retaliated against Plaintiff, and violated HIPPA by contacting Plaintiff's physician even though the supervisor knew it was "taboo" to obtain Plaintiff's personal medical information without Plaintiff's consent and discussed Plaintiff's private medical information with Plaintiff's physician.

18. The above described retaliation was done to dissuade Plaintiff and others from supporting charges of discrimination.

19. Defendant's explanations of Defendant's reprisal actions were a pretext to explain discriminatory and retaliatory actions.

20. Plaintiff's supervisor, who is white, did not interfere with the doctor patient relationship of similarly situated injured white employees.

21. Plaintiff filed an equal employment opportunity (EEO) complaint against his supervisor who worked at the Agency's Directorate of Emergency Services at Fort Gordon, Georgia.

22. Plaintiff's Title VII rights were violated by denying annual leave and imposing an AWOL status for Plaintiff's time off to recover from an on the job injury, which was in addition, a reprisal against Plaintiff for testifying against his supervisor in 2009-10 on a separate EEOC matter.

## COUNT TWO: HIPPA VIOLATIONS

23. Plaintiff re-alleges paragraphs 1-22 and incorporated them by reference in Count Two.

24. Plaintiff's HIPPA rights were violated for wrongfully providing and obtaining private medical information of Plaintiff without Plaintiff's consent.

25. Defendant improperly annotated Plaintiff's work evaluation form with reference to five days sick leave. Said information is private medical information and should not have been obtained and published on Plaintiff's work evaluation.

26. Plaintiff is entitled to have his employment records cleared of any reference to sick leave and AWOL.

27. Plaintiff is entitled to monetary damages for the improperly charged AWOL, for his emotional distress caused by the improper retaliatory actions of his supervisor, and for statutory and compensatory damages for the intentional HIPPA violations.

28. Plaintiff is entitled to costs and attorney fees to pursue this action.

Wherefore, Plaintiff:

(a) Requests a trial de novo and;

(b) Requests a jury trial and;

(c) Should be awarded compensatory damages and;

(d) Should be awarded reasonable attorney fees and costs and;

(e) Requests such other and further relief as this Honorable Court may provide.

This the 20th day of December, 2012.

*Chuck R. Pardue*
Chuck R. Pardue
Attorney for Plaintiff
Georgia Bar No. 561212

211 Bobby Jones Expressway, Suite A
Martinez, Georgia 30907
(706) 823-2000 Fax (706) 722-0149