UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| James E. King, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NUMBER: 1:12-CV-193 |
| | ) |
| John M. McHugh, Secretary, | ) |
| Department of the Army, | ) |
| | ) |
| Defendant. | ) |

**AMENDED COMPLAINT**

1. Plaintiff, James E. King, pursuant to Federal Rules of Civil Procedure, Rule 15 (a) (1) (b), amends his complaint as follows:

2. Plaintiff, James E. King, a Federal Civil Service employee, employed at Fort Gordon Georgia, resides at 2049 Glenn Falls, Grovetown, Columbia County, Georgia.

3. Defendant John M. McHugh, is the Secretary of the Army, and has offices at 101 Army Pentagon, Washington, DC 20310-0101.

4. The Federal Agency, Department of the Army, is the responsible agency involved in this matter.

5. This is an action involving subject matter jurisdiction of employment discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 (Title VII) as amended, 42 U. S. C, sec 2000e et seq., and retaliation by violating the Plaintiff's medical privacy rights.

6. Plaintiff exhausted his administrative remedies as the Agency's final decision was reviewed and affirmed by the U.S. Equal Employment Opportunity Commission on September 27, 2012.

7. Jurisdiction and Venue are proper, 28 USC 1391.

## RACIAL DISCRIMINATION AND REPRISAL

8. Plaintiff, who is black, filed two EEOC claims against his supervisor, a white Federal employee who worked at the Agency's Directorate of Emergency Services at Fort Gordon, Georgia.

9. Plaintiff's supervisor, acting in his official capacity and supported by his superior supervisor, retaliated against Plaintiff by lowering the evaluation of Plaintiff because of Plaintiff's prior EEO complaint against his supervisor and for Plaintiff's testimony against his supervisor in another discrimination case involving another employee.

10. Plaintiff testified on behalf of another minority employee in an employment discrimination matter concerning the same employment supervisor, Lieutenant Peloquin, as in the instant case.

11. After Plaintiff testified in the above described EEO hearing, Lieutenant Peloquin, in retaliation, began to verbally harass Plaintiff and downgraded Plaintiff's performance evaluations.

12. Defendant's employee improperly annotated Plaintiff's work evaluation form with reference to five days sick leave. Said information is private medical information and should not have been published on Plaintiff's work evaluation.

13. The harassment of Plaintiff by Lieutenant Peloquin continued until March 2011 when Lieutenant Peloquin was reassigned.

14. Defendant, despite Plaintiff's repeated complaints to his superiors permitted a hostile work environment to Plaintiff to exist.

15. Plaintiff was injured July 22, 2010 at Fort Gordon, Georgia in the performance of his duties as a civil service security officer apprehending a suspect.

16. Plaintiff received medical treatment for his injuries and applied for Continuation of Regular Pay which was scheduled to end September 5, 2010.

17. Plaintiff returned to work on July 23, 2010.

18. A subsequent medical evaluation placed Plaintiff in an out of work status from August 17, 2010 until a specialist could evaluate Plaintiff's injuries.

19. Plaintiff's supervisor, Lieutenant Peloquin, on August 17, 2010 improperly contacted Plaintiff's physician to induce her to reveal Plaintiff's private medical information and to persuade her to change Plaintiff's restrictions for work.

20. Plaintiff's supervisor, who is white, improperly discriminated on the basis of race, retaliated against Plaintiff, and violated Plaintiff's medical privacy rights by contacting Plaintiff's physician even though the supervisor knew it was "taboo" to obtain Plaintiff's personal medical information without Plaintiff's consent and discussed Plaintiff's private medical information with Plaintiff's physician without Plaintiff's consent.

21. Plaintiff filed an EEO complaint of retaliation concerning the violation of his medical privacy rights by Lieutenant Peloquin on August 23, 2010.

22. Plaintiff returned to work September 10, 2010.

23. Plaintiff in person, by email, and phone messages discussed with his supervisor whether to handle September 1, 2, and 6, 2010 as sick days, traumatic leave, or regular leave.

24. On September 12, 2010 Lieutenant Peloquin, in reprisal for Plaintiff filing his second EEO complaint on August 23, 2010 against Lieutenant Peloquin, marked Plaintiff AWOL for September 1, 2, and 6 September 2010.

25. Plaintiff was charged 37 and one half hours and lost $850.00 pay for the three days documented AWOL by his supervisor.

26. On October 1, 2010 Plaintiff filed a formal Complaint of Discrimination based on retaliation by Lieutenant Peloquin marking Plaintiff AWOL on September, 1, 2, and 6, 2010.

27. The above described retaliations were done to dissuade Plaintiff and others from supporting charges of discrimination.

28. Defendant's explanations of Defendant's reprisal actions were a pretext to explain discriminatory and retaliatory actions.

29. Plaintiff's supervisor, who is white, did not interfere with the doctor patient relationship of similarly situated injured white employees.

30. Plaintiff's Title VII rights were violated by denying annual leave and imposing an AWOL status for Plaintiff's time off to recover from an on the job injury, which was in addition, a reprisal against Plaintiff for testifying against his supervisor in on a separate EEOC matter.

31. Plaintiff's medical privacy rights were violated for wrongfully providing and obtaining private medical information of Plaintiff without Plaintiff's consent.

32. Plaintiff is entitled to have his employment records cleared of any reference to sick leave and AWOL.

33. Plaintiff is entitled to monetary damages for the improperly charged AWOL, for his emotional distress caused by the improper retaliatory actions of his supervisor, and for statutory and compensatory damages for the reprisals by his supervisor.

34. Plaintiff is entitled to costs and attorney fees to pursue this action.

Wherefore, Plaintiff:

(a)   Requests a trial de novo and;

(b)   Requests a jury trial and;

(c)   Should be awarded compensatory damages and;

(d)   Should be awarded reasonable attorney fees and costs and;

(e)   Requests such other and further relief as this Honorable Court may provide.

This the 15th day of March, 2013.

                                                *s/ Chuck R. Pardue*
                                                Chuck R. Pardue
                                                Attorney for Plaintiff
                                                Georgia Bar No. 561212

211 Bobby Jones Expressway, Suite A
Martinez, Georgia 30907
(706) 823-2000 Fax (706) 722-0149
chuckpardue@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 15 2013, I electronically filed the foregoing with the Clerk of court using the CM/ECF system which will send notification to all counsel of record.

_s/ Chuck R. Pardue_
Chuck R. Pardue
Attorney for Plaintiff
Georgia Bar No. 561212

211 Bobby Jones Expressway, Suite A
Martinez, Georgia 30907
(706) 823-2000 Fax (706) 722-0149
chuckpardue@gmail.com