## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## AUGUSTA DIVISION

| | | |
|---|---|---|
| JAMES E. KING, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 1:12-cv-193 |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN McHUGH, | ) | |
| Secretary, Department of the Army, | ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANT'S MEMORANDUM IN SUPPORT OF
### MOTION TO DISMISS AMENDED COMPLAINT

John McHugh, Secretary of the Department of the Army, ("Army" or "Defendant"), by and through the United States Attorney for the Southern District of Georgia, and the undersigned Assistant United States Attorney, moves to dismiss Plaintiff's Amended Complaint pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 12(b)(1) for lack of jurisdiction and 12(b)(6) for failure to state a claim upon which relief can be granted.

### I.  INTRODUCTION

Mr. James King (hereinafter "Plaintiff" or "Mr. King") filed his original Complaint on December 20, 2012, pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), *as amended*, 42 U.S.C. §§ 2000e-1 *et seq*., and the Health Insurance Portability and Accountability Act of 1996 ("HIPPA"), 42 U.S.C, § 1320d-9.  (Doc. 1).  Mr. King, an African-American male, alleged that his supervisor subjected him to racial discrimination and reprisal by (1) improperly contacting his treating physician to discuss a work-related injury and (2) improperly charging Mr. King three days' Absence Without Leave ("AWOL") when he was on restricted leave because of his work-related injury.  (Doc. 1, at ¶¶ 15-22.)  Mr. King further alleged that his

supervisor violated HIPPA by referencing five days' sick leave on Mr. King's performance evaluation. (Id. at ¶¶ 24-26.)

On February 25, 2013, Defendant moved to dismiss for failure to state a claim by showing that Mr. King's prior protected activity was too remote and that the supervisor's actions related to contacting Plaintiff's physician did not rise to the level of an adverse action. (Doc. 5). Defendant further showed Plaintiff's HIPPA claim should be dismissed because HIPPA does not create a private cause of action. (Id.) In lieu of a response, Mr. King filed an Amended Complaint on March 15, 2013 wherein he omits previously provided dates of his prior protected activity, abandons his separate HIPPA claim, and adds unexhausted claims. (Doc. 7).

As previously discussed in Defendant's Motion to Dismiss (Doc. 5), Plaintiff's claims and now amended claims, fail to meet the requisite legal standards and should be dismissed for several reasons. First, Plaintiff's claims related to allegations that were not included in his Equal Employment Opportunity ("EEO") complaint should be dismissed for failure to exhaust. Second, Plaintiff's retaliation claim should be dismissed because his prior protected activity, which occurred more than seven months prior to his supervisor contacting his physician and charging him AWOL, is too remote to infer the requisite causal connection. Finally, Plaintiff's retaliation claims related to the allegations that his supervisor contacted his Occupational Health Clinic physician regarding the on-the-job injury should be dismissed because the supervisor's actions do not rise to the level of an adverse action.

## II.  ALLEGATIONS IN PLAINTIFF'S AMENDED COMPLAINT

1.    Mr. James King, an African-American male, is a civil service employee of the Fort Gordon, Georgia, Directorate of Emergency Services. (Doc. 7 at ¶¶ 2, 8.)

2.    Mr. King previously filed an Equal Employment Opportunity complaint against his

supervisor, a Caucasian male,  and testified against his supervisor in an employment discrimination matter by another employee.  (Id. at ¶ 8.)

3. On July 22, 2010, Mr. King was injured in the performance of his duties while apprehending a suspect.  (Id. at ¶ 15.)

4. On July 23, 2010, Mr. King returned to work.  (Id. at ¶ 17.)  However, after a medical evaluation on August 17, 2010, he worked only intermittently until he was evaluated by a specialist.  (Id. at ¶ 18.)

5. Mr. King's Continuation of Regular Pay expired on September 5, 2010 but he did not return to work until September 10, 2010.  (Id. at ¶ ¶16-22).

6. Mr. King discussed with his supervisor whether to designate his absences September 1, 2, and 6 as sick or traumatic leave.  (Id. at ¶ 23.)

7. On September 12, 2010, Mr. King's supervisor charged Mr. King as AWOL on September 1, 2, and 6, instead of designating his absences as sick or traumatic leave.  (Id. at ¶ 24.)

8. Mr. King was charged thirty-seven and one-half hours AWOL and lost $850 in pay for the three days AWOL.  (Id. at ¶ 25.)[1]

**EEO Activity**

9. On August 23, 2010, Mr. King initiated contact with the servicing EEO Office, alleging

---

[1]Defendant reserves the right to pursue an election of remedies defense.  *See* 5 U.S.C. § 7121(d); 29 C.F.R. § 1614.301(a).  It appears management vacated the AWOL charge for September 1, 2010, as part of a grievance Mr. King filed pursuant to a Collective Bargaining Agreement ("CBA").  (*See* 2/9/11 Second Step Grievance Reply, attached hereto as Def. Ex. 1.)  Defendant is seeking additional documentation in support of this defense.

that his supervisor discriminated against him based upon reprisal when he contacted the occupational health physician evaluating Mr. King's fitness for duty after his work-related injury to request she change his work profile.  (*See* EEO Counselor's Report, attached hereto as Def. Ex. 2.)

10.    On October 1, 2010, Mr. King filed a Formal Complaint of Discrimination with the EEO in Department of the Army ("DA")  Docket Number ARGORDON10AUG03877. (Formal Compl. of Discrimination, attached hereto as Def. Ex. 3.)  The EEO Office accepted for investigation Mr. King's claims that he was discriminated against based upon reprisal when his first-line supervisor contacted his physician to change his medical profile in violation of HIPAA and when his supervisor charged him three days AWOL for days that he was on restricted leave due to his on-the-job injury.  (EEO Notice of Acceptance, attached hereto as Def. Ex. 4; 5/9/12 Final Agency Decision ("FAD"), attached hereto as Def. Ex. 5.).

11.    On May 9, 2012, the DA issued a Final Agency Decision implementing the Equal Employment Opportunity Commission ("EEOC") Administrative Judge's decision without a hearing finding no discrimination.  (Def. Ex. 5).  On September 27, 2012, the EEOC Office of Federal Operations ("EEOC OFO") affirmed the Final Agency Decision, finding no discrimination.  (9/27/12 EEOC OFO Dec., attached hereto as Def. Ex. 6).

**Procedural Posture**

12.    On December 20, 2012, Mr. King filed his Complaint in the instant judicial action (Doc. 1).  On February 25, 2013, Defendant filed a Motion to Dismiss.  (Doc. 5).

13.    On March 15, 2013, Plaintiff filed his Amended Complaint.  (Doc. 7).

14.    On March 18, 2013, Plaintiff filed a Response in Opposition to Defendant's Motion to

Dismiss.  (Doc. 8).

15.    On March 19, 2013, Defendant file a Notice of Intent to File a Reply Brief to Defendant's Motion to Dismiss.  (Doc. 9).

16.    On March 20, 2013, Defendant filed a Motion for Extension of Time to File Response/Reply to Plaintiff's Amended Complaint.  (Doc. 10).

17.    On March 21, 2013, the Court granted Defendant's Motion for an Extension of Time to File a responsive pleading to Plaintiff's Amended Complaint.  (Doc. 11).

18.    On April 4, 2013, the Court denied Defendant's Motion to Dismiss Plaintiff's Complaint as moot in light of the filing of Plaintiff's Amended Complaint.  (Doc. 12).

### III.  <u>MOTION TO DISMISS</u>

**A.    STANDARDS OF REVIEW**

**1.    <u>Federal Rule of Civil Procedure 12(b)(1)</u>**

Federal Rule of Civil Procedure 12(b)(1) authorizes a court to dismiss claims for lack of subject matter jurisdiction.  The burden is on the party seeking to invoke federal jurisdiction to establish that such jurisdiction is proper.  <u>OSI, Inc. v. United States</u>, 285 F.3d 947, 951 (11th Cir. 2002).  In light of the limited jurisdiction of federal courts, <u>Keene Corp. v. United States</u>, 508 U.S. 200, 207 (1993), "the [Supreme] Court early in its history wisely adopted a presumption that every federal court is without jurisdiction unless the contrary affirmatively appears from the record," <u>United States v. Rojas</u>, 429 F.3d 1317, 1320 (11th Cir. 2005) (quoting <u>Delaware v. Van Arsdall</u>, 475 U.S. 673, 692 (1986)).  When it is determined that a court lacks subject matter jurisdiction, the proper remedy is dismissal.  *See* <u>Stalley ex rel. United States v. Orlando Reg'l Healthcare Sys., Inc.</u>, 524 F.3d 1229, 1235 (11th Cir. 2008).

**2.    <u>Federal Rule of Civil Procedure 12(b)(6)</u>**

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint for "failure to state a claim upon which relief can be granted."  In addition to the complaint, the court may review documents attached to the complaint and documents attached to the motion to dismiss to which the complaint refers and which are central to the plaintiff's claim(s). <u>Ware v. Polk County Bd. of County Comm'rs</u>, 394 Fed. Appx. 606, 608 (11th Cir. 2010).  To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)).  "Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief . . .."  2A MOORE'S FEDERAL PRACTICE P 12.07 [2.-5] at 12-91 (footnote omitted).

When resolving a motion to dismiss pursuant to Rule 12(b)(6), the pleadings are construed broadly so that all facts pleaded therein are accepted as true, and all inferences are viewed in a light most favorable to the plaintiff. <u>Levine v. World Fin. Network Nat'l Bank</u>, 437 F.3d 1118, 1120 (11th Cir. 2006).  While the court must accept as true all allegations in the complaint, it need not resolve unclear questions of law in favor of the plaintiff. <u>Martin K. Eby Constr. Co., Inc., v. Dallas Area Rapid Transit</u>, 369 F.3d 464, 470 (5th Cir. 2004) (quoting <u>Kansa Reinsurance Co. v. Cong. Mortg. Corp. of Tex.</u>, 20 F.3d 1362, 1366 (5th Cir. 1994)). Moreover, when a successful affirmative defense appears on the face of the pleadings, dismissal is appropriate under Rule 12(b)(6). <u>Cottone v. Jenne</u>, 326 F.3d 1352, 1357 (11th Cir. 2003) ("A complaint is subject to dismissal under Rule 12(b)(6) when its allegations, on their face, show that an affirmative defense bars recovery on the claim.").

While a plaintiff's factual allegations are accepted as true, <u>S. Fla. Water Mgmt. Dist. v. Montalvo</u>, 84 F.3d 402, 406 (11th Cir. 1996), "conclusory allegations, unwarranted factual

6

deductions or legal conclusions masquerading as facts will not prevent dismissal," id. at 408 n.10; Davila v. Delta Air Lines, Inc., 326 F.3d 1183, 1185 (11th Cir. 2003).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S. Ct. at 1949.  Likewise, the court need not "accept as true a legal conclusion couched as a factual allegation."  Papasan v. Allain, 478 U.S. 265, 286 (1986).  "Rule 8 marks a notable and generous departure from the hyper-technical, codepleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Iqbal, 129 S. Ct. at 1949.  Accordingly, a court should not assume that a plaintiff can prove facts that are not alleged in the complaint.  Associated Gen. Contractors v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983) ("[W]e must assume that the Union can prove the facts alleged in its amended complaint. It is not, however, proper to assume that the Union can prove facts that it has not alleged . . .").

## B.   PLAINTIFF'S ALLEGATIONS NOT INCLUDED ON HIS EEO COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO EXHAUST.

The United States' immunity from suit is waived under Title VII only upon the timely and proper exhaustion of administrative EEO claims.  Plaintiff's failure to timely and properly exhaust his administrative remedies on any claim constitutes a failure to satisfy the requirements to waive sovereign immunity and, thus, strips this Court of subject matter jurisdiction to hear those claims.  "A federal employee must pursue and exhaust h[is] administrative remedies as a jurisdictional prerequisite to filing a Title VII action."  Crawford v. Babbitt, 186 F.3d 1322, 1326 (11th Cir. 1999).  A federal employee's failure to follow these administrative procedures is grounds for dismissal.  See Crawford, 186 F.3d at 1327; Shiver v. Chertoff, 549 F.3d 1342, 1344 (11th Cir. 2008) (citing Brown v. Snow, 440 F.3d 1259, 1264-65 (11th Cir. 2006)).

The EEOC has promulgated regulations for the acceptance and processing of discrimination complaints in federal employment. *See* 29 C.F.R. §§ 1614.107(b) (detailing administrative processing of federal Title VII complaints). These regulations provide time limits for initiating and processing an EEO complaint. To initiate informal pre-complaint processing, an aggrieved federal employee must consult with an EEO counselor within 45 days of the alleged discriminatory event. 29 C.F.R. § 1614.105(a)(1). If the matter is not resolved by informal pre-complaint counseling, the agency must provide the employee with notice of the right to file a formal complaint of discrimination. 29 C.F.R. § 1614.105(d). After receipt of notice, the employee has 15 calendar days to file the formal complaint. 29 C.F.R. § 1614.106(b).

These rules are not mere technicalities, but integral parts of Congress's statutory scheme of achieving a "careful blend of administrative and judicial enforcement powers." Brown v. Gen. Servs. Admin., 425 U.S. 820, 833 (1976); *see also* McKart v. United States, 395 U.S. 185, 195 (1969). If the employee fails to timely notify an EEO counselor, or fails to timely file a formal complaint, then he has failed to exhaust his administrative remedies, and the Court should dismiss the claim. The Supreme Court and the Eleventh Circuit have repeatedly upheld dismissal or summary judgment in cases where a plaintiff has failed to raise an administrative discrimination complaint in a timely manner. *See, e.g.,* Lorance v. AT&T Techs., Inc., 490 U.S. 900 (1989) (superceded on other grounds); Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147 (1984) (per curiam); Delaware State Coll. v. Ricks, 449 U.S. 250 (1980); United Airlines, Inc. v. Evans, 431 U.S. 553 (1977); Manning v. Carling, 786 F.2d 1108, 1109 (11th Cir. 1986); Bickham v. Miller, 584 F.2d 736, 737-38 (5th Cir. 1978).

Plaintiff alleges in his Amended Complaint that he "exhausted his administrative remedies as the Agency's final decision was reviewed and affirmed by the U.S. Equal

Employment Opportunity Commission on September 27, 2012." (Doc. 7 at ¶ 6.) However, the only allegations addressed in Plaintiff's EEO complaint are his claims that (1) he was subjected to discriminatory reprisal for participation in protected activity in January 2010 when his supervisor contacted his physician and (2) when he was charged three days AWOL. (Formal Compl. of Discrimination, DEX 3; *see also* 9/27/12 EEOC Dec., Def. Ex. 6). Based on these facts, Plaintiff's new allegation that his supervisor's decision to charge him with AWOL on September 1, 2, and 6, 2010, was retaliation for his informal complaint of discrimination on August 23, 2010, is not administratively exhausted. Likewise, Plaintiff's allegation that his supervisor's actions were motivated by race discrimination was not administratively exhausted. Only those allegations raised in his formal EEO complaint are administratively exhausted and, thus, ripe for this Court's review. Therefore, his unexhausted claims should be dismissed.

### D. PLAINTIFF'S PROPERLY EXHAUSTED CLAIMS SHOULD BE DISMISSED FOR FAILURE TO STATE A VIABLE CLAIM.

The only properly exhausted claims before this Court are Plaintiff's allegations that (1) he was subjected to reprisal for participation in EEO activity in January 2010 when his supervisor contacted the Occupational Health Clinic physician and (2) when his supervisor charged him three days AWOL. (*See* 9/27/12 EEOC Dec., Def. Ex. 6). To establish a *prima facie* retaliation case, an employee must demonstrate that: (1) he engaged in protected activity as defined by Title VII; (2) his employer was aware of that activity; (3) he suffered a materially adverse employment action; and (4) there was a causal connection between the protected activity and the adverse employment action. *See* Burlington N. & Santa Fe Ry. v. White, 584 U.S. 53, 68-69 (2006); Brown v. Snow, 440 F.3d 1259, 1266 (11th Cir. 2006); Ivey v. Paulson, 222 F. App'x 815, 819 (11th Cir. 2007). Plaintiff's allegations in his Amended Complaint fail to state a

retaliation claim because he failed to show that he was subjected to an adverse action or the requisite causal connection.

**1.**     **Plaintiff fails to state a retaliation claim because his prior protected activity was too remote from the allegations in his judicial complaint.**

The only inference to a causal link in Plaintiff's original Complaint, was the allegation that "he previously filed an EEOC claim . . . and testified on behalf of another minority employee," (Doc. 1 at ¶ 7), "in 2009-2010," (Id. at ¶ 22).  In response to Defendant's Motion to Dismiss, Plaintiff avers for the first time that his supervisor continuously harassed him from the time he first participated in protected EEO activity (without identifying a date in his pleading) until August 2010, when he complained informally about his supervisor contacting the Occupational Health doctor about the limits of her light duty directive (Doc. 7 at ¶¶ 9-12).  He further avers for the first time that the September AWOL charges were made in retaliation for his August informal complaint of discrimination.  (*See* Doc. 7 at ¶ 24).  These new averments are simply conclusory allegations made for the purpose of avoiding dismissal due to insufficient temporal proximity as discussed in Defendant's prior Motion to Dismiss (*See* Doc. 5). However, such "conclusory allegations...will not prevent dismissal." Montalvo, 84 F.3d at 408 n.10.

The question of temporal proximity is not resolved by a mere averment in Plaintiff's Amended Complaint.  First, Plaintiff's Amended Complaint has made wholly unclear what is the temporal proximity of his supervisor's alleged retaliatory acts to his own protected activity. Assuming, arguendo, the greater than seven–month gap he alleged in his formal complaint of discrimination (Def. Ex. 3 at p.1), which is stated far more clearly than the allegations in the Amended Complaint, the temporal proximity is insufficient as a matter of law to establish a

retaliatory motive. "The cases that accept mere temporal proximity between an employer's knowledge of protected activity and an adverse employment action as sufficient evidence of causality to establish a prima facie case uniformly hold that the temporal proximity must be 'very close.'" Clark Cnty. Sch. Dist. v. Breeden, 532 U.S. 268, 273-74 (2001) (quoting O'Neal v. Ferguson Constr. Co., 237 F.3d 1248, 1253 (10th Cir. 2001), & citing Richmond v. ONEOK, Inc., 120 F.3d 205, 209 (10th Cir.1997) (3–month period insufficient) & Hughes v. Derwinski, 967 F.2d 1168, 1174–1175 (7th Cir. 1992) (4–month period insufficient); Everett v. Cent. Miss., Inc. Head Start Program, 444 Fed. App'x 38, 47 (5th Cir. 2011) (5–month period insufficient).

King's failure to allege a required element necessary to obtain relief warrants dismissal of his Complaint. See Roe v. Aware Woman Ctr. for Choice, 253 F.3d 678, 684 (11th Cir. 2001) ("[A]t a minimum, notice pleading requires that a complaint contain inferential allegations from which we can identify each of the material elements necessary to sustain a recovery under some viable legal theory.") Plaintiff's Amended Complaint does not satisfy this aspect of notice pleading, let alone "state a claim to relief that is plausible on its face," and, therefore, dismissal is proper. See Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 570).

**2.     Plaintiff's clam based upon allegations that his supervisor contacted his physician should be dismissed because he failed to allege any facts upon which the Court could infer that he was subjected to an adverse action.**

Plaintiff's allegation that his supervisor contacted the Occupational Heath Clinic physician regarding the limits of her light duty decision fails to state a retaliation claim because, even when accepted as true, it does not amount to a materially adverse employment action. In Burlington N. & Santa Fe Ry., the Supreme Court held that an employee suffers an adverse employment action if "a reasonable employee would have found the challenged action materially adverse, [meaning] . . . it well might have dissuaded a reasonable worker from making or

supporting a charge of discrimination."   Burlington N., 548 U.S. at 68 (internal quotations

omitted).  The acts must be material and significant and not trivial.  Id. at 68; *see also* Crawford

v. Carroll, 529 F.3d 961, 973 n.13 (11th Cir. 2008).   Plaintiff makes no allegation in his

Amended Complaint that he suffered any injury as a result of his supervisor's outreach to

Occupational Health as required to state a retaliation claim.  *See* Burlington N. & Santa Fe Ry.,

584 U.S. at 67 ("The anti-retaliation provision [of Title VII] protects an individual not from all

retaliation, but from retaliation that produces an injury or harm.")  Indeed, Plaintiff's allegation

that his supervisor contacted his physician to discuss Plaintiff's light duty, if true, is neither

indicative of a retaliatory mind-set, nor a materially adverse employment action that would

"dissuade a reasonable worker from making or supporting a charge of discrimination."  Id.; *see*

*also* Crawford, 529 F.3d at 974.  Such a trivial allegation does not rise to the level of an adverse

action and, therefore, Plaintiff's retaliation claim based upon this allegation should be dismissed.

## IV.  CONCLUSION

For the foregoing reasons, this Court should grant Defendant's motion and dismiss Plaintiff's Amended Complaint in its entirety.

Respectfully submitted this <u>22nd</u> day of April, 2013.

EDWARD J. TARVER
UNITED STATES ATTORNEY

<u>s/ *Tiffany M. Mallory*</u>
Tiffany M. Mallory
Assistant United States Attorney
Georgia Bar No. 744522
Post Office Box 2017
Augusta, Georgia  30903
(706) 724-0517
E-Mail:  Tiffany.Mallory@usdoj.gov

<u>s/*Melissa S. Mundell*</u>
Melissa S. Mundell
Assistant United States Attorney
Georgia Bar No. 529475
Post Office Box 8970
Savannah, Georgia  31412
(912) 652-4422
E-Mail:  Melissa.Mundell@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 22, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification to all counsel of record.

EDWARD J. TARVER
UNITED STATES ATTORNEY

<u>s/ *Tiffany M. Mallory*</u>
Tiffany M. Mallory
Assistant United States Attorney